**A.H., Appellee**

v.

**C.M., Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 23, 2012.

Filed Dec. 18, 2012.

Christina M. Veltri, York, for appellant.

Kathleen Jo Prendergast, York, for appellee.

BEFORE: SHOGAN, LAZARUS and OTT, JJ.

OPINION BY SHOGAN, J.:

C.M. ("Mother") appeals from the custody order entered on April 26, 2012,[1] wherein the trial court denied, without a hearing, her motion for review of the decision of the parenting coordinator appointed for her child, S.M. ("Child"), with appellee, A.H. ("Father"). We reverse the order and remand with instructions.

1. We observe that the trial court entered a duplicate order on May 11, 2012.

In its Opinion pursuant to Pa.R.A.P. 1925(a), the trial court failed to set forth any findings of fact or procedural background in this matter. We will set forth sufficient factual history and procedural background in order to enable appellate review of the matter.

The following facts are supported by the record. Child was born in June of 2004, and is the subject of a parenting coordinator order entered on June 9, 2008 as part of a custody order. The parenting coordinator order provides that the decision of the parenting coordinator is subject to review by court hearing.

The provision in the parenting coordinator order reads as follows:

### B. JUDICIAL REVIEW:

If a parent continues to object to a decision made by the Parenting Coordinator, that parent must file a motion for review within twenty (20) days of the issuance of the written Decision, attaching a copy of the Decision, the Report (if any) and stating the objections with clarify.[sic] The Decision shall remain in effect until changed by the Court after a record hearing. The Court will make an independent determination as to whether the decision represents an abuse of the Parenting Coordinator's discretion, or is contrary to fact or the law. The burden of proof shall be on the moving parent. The Court may delegate such review to its Conciliator where it deems such delegation appropriate in accordance with applicable law or rules.

Parenting Coordinator Order, 6/9/08, at ¶ 8B.

After an incident allegedly occurred at Child's school recital on February 29, 2012, Father contacted the parenting coordinator, Attorney Audrey Woloshin. In a Decision of Parenting Coordinator entered on March 30, 2012, the parenting coordinator found that, with regard to the incident, Mother had violated the parenting coordinator's policy regarding communication between the parties.

On April 16, 2012, Mother filed a petition for review, seeking a hearing *de novo* before the trial court. At a custody current business session on April 25, 2012, the trial court heard a brief description of the matter from the parties' counsel, without a *de novo* hearing, stating that it was limiting Mother's presentation of her issue for review to four minutes. N.T., 4/25/12, at 2. At the close of the conference on April 25, 2012, the trial court denied the petition without a hearing, and then entered the order on April 26, 2012. On May 8, 2012, Mother filed a timely notice of appeal, along with a concise statement of errors complained of on appeal pursuant to Pa. R.A.P. 1925(a)(2)(i) and (b).

Mother presents the following issue for our review:

Did the lower court commit an error of law and abuse of discretion by ruling upon Appellant C.M.'s Motion for Review of Decision of Parenting Coordinator without a de novo hearing?

Mother's Brief at 7.

Initially, we observe that, as the custody-related conference was held in April of 2012, the new Child Custody Act ("Act") is applicable. *C.R.F. v. S.E.F.*, 45 A.3d 441, 445 (Pa.Super.2012) (holding that, if the custody evidentiary proceeding commences on or after the effective date of the Act, *i.e.*, January 24, 2011, the provisions of the Act apply).

 In custody cases, our standard of review is as follows:

In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evi-

dence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*C.R.F.*, 45 A.3d at 443 (citation omitted).

We have stated:

[t]he discretion that a trial court employs in custody matters should be accorded the utmost respect, given the special nature of the proceeding and the lasting impact the result will have on the lives of the parties concerned. Indeed, the knowledge gained by a trial court in observing witnesses in a custody proceeding cannot adequately be imparted to an appellate court by a printed record.

*Ketterer v. Seifert,* 902 A.2d 533, 540 (Pa.Super.2006) (quoting *Jackson v. Beck,* 858 A.2d 1250, 1254 (Pa.Super.2004)).

■ Mother's issue challenges the trial court's denial of the motion for review without holding a *de novo* hearing. She presented to the trial court that she had the right to such a hearing. The trial court refused her request, stating that Mother's counsel would have four minutes of the court's time, and stating that she did not want to see this case back again for "some talent show communication." N.T., 4/25/12, at 2, 9. The trial court further instructed Mother that, if she filed any further petitions, the judge would deny them without reviewing them. *Id.* at 10.

Mother relies upon this Court's opinion in *Yates v. Yates,* 963 A.2d 535 (Pa.Super.2008), in support of her argument. *Yates* is the seminal case concerning parenting coordination. In *Yates,* a father challenged an order appointing a parenting coordinator and including provisions regarding the parenting coordinator. This Court held that the trial court's appointment of a parenting coordinator in a high-conflict custody case was a reasonable exercise of discretion. The *Yates* court explained parenting coordination as follows:

Parenting coordination is a relatively novel concept in Pennsylvania. Its purpose is to shield children from the effects of parenting conflicts and to help parents in contentious cases comply with custody orders and implement parenting plans.[2] The Association of Family and Conciliation Courts ("AFCC"), an interdisciplinary multi-jurisdictional association of professionals that appointed a task force to develop model standards of practice for parenting coordination, defined parenting coordination as,

a child-focused alternative dispute resolution process in which a mental health or legal professional with mediation training and experience assists high conflict parents to implement their parenting plan by facilitating the resolution of their disputes in a timely manner, educating parents about children's needs, and with prior approval of the parties and/or the court, making decisions within the scope of the court order or appointment contract.

[Stephen J. Anderer, *Resolving High-conflict Custody Cases, Parenting Coordinators Can Offer a Way Out of Repeated Recourse to Court,* 31 PLW 1074, [1082] (2008) ]. *See also* Guidelines for Parenting Coordination, 44 Family Court Review 164–181 (2005).

2. At least one Pennsylvania county, Erie, adopted local rules authorizing the appointment of parenting coordinators and delineating their roles in high-conflict custody disputes. *See* Erie County Local Rules 1940.10–1940.16. Likewise, the Pennsylvania Supreme Court Domestic Relations Procedural Rules Committee is considering a proposed Rule of Civil Procedure and a model Order of Court that, if adopted, would unify parenting coordination procedures across the state. *See [Anderer, supra].*

*Yates,* 963 A.2d at 539 (footnote in original).

Additionally, the Court in *Yates* explained that, if the parties are dissatisfied with the parenting coordinator's decision, they can appeal the decision to the trial court, and that a *de novo* review must be utilized. *Yates,* 963 A.2d at 541. In *Yates,* the panel vacated the portion of the trial court's parenting coordinator order that precluded the trial court from reviewing the parenting coordinator's decisions *de novo,* and remanded the matter with express direction to the trial court to implement *de novo* review. *Id.* The trial court rejected the father's argument that the appointment of a parenting coordinator was tantamount to an improper delegation of decision-making authority, reasoning that the trial court may not merely substitute the parenting coordinator's judgment for its own. *Id.*

Here, the trial court explained its action taken at the custody current business session as follows:

We allowed [Mother's] counsel to present her argument, and then hear [sic] from the [Parenting Coordinator] PC, Audrey Woloshin. Attorney Woloshin explained the communication policy she established and why she did so, her investigation of the incident at the school recital, and her reason for finding that Mother had violated the policy. She also explained how she works in conjunction with the child's counsel.

We then heard from [Father's] counsel, who stated that her client was satisfied with Attorney Woloshin's involvement as the Parenting Coordinator. [Father] did not dispute the decision of the PC or the communication policy, confirming that such a policy was necessary due to communication difficulties between the parties. *Transcript of Proceedings,* April 25, 2012.

After hearing the statements from counsel for both parties and the PC, we denied [Mother's] motion without scheduling a separate hearing....

[Mother], in her statement of matters complained of on appeal, argues that the denial of a *de novo* hearing is in violation of Pennsylvania law. The Superior Court of Pennsylvania has held that *de novo* review must be permitted with regard to the decisions of a parenting coordinator. *Yates v. Yates,* 963 A.2d 535, 541 (Pa.Super.2008). We agree that the trial court must retain the authority to review the decisions of a parenting coordinator, and should not "merely substitute the parenting coordinator's judgment for its own." *Id.*

We believe that the transcript of the proceedings from April 25, 2012, including a thorough explanation by Attorney Woloshin, satisfies the requirements for a review, without the need to hold a separate hearing. We determined that Attorney Woloshin acted appropriately under the circumstances, and within the scope of her powers granted by the Order for Parenting Coordination.

Trial Court Opinion, 6/1/12, at 2–3.

The trial court acknowledged our decision in *Yates* but opted to disregard it, deciding that a separate *de novo* hearing was unnecessary. Trial Court Opinion, 6/1/12, at 2–3. Upon our review of the record in this matter, we conclude that the trial court's procedure here, allowing only

a few minutes of argument at the custody current business session, denied Mother the protection afforded in *Yates.* In *Yates,* this Court concluded that the appointment of a parenting coordinator under the circumstances of that case was a reasonable exercise of discretion, and that the review of the parenting coordinator's decision must be *de novo* by the trial court. Although we referred to the possible adoption of Rules of Civil Procedure and a model Order of Court that would unify parenting coordination procedures, we made our decision independent of the then-anticipated rules. Our decision in *Yates* confirms the trial court's authority to have its own procedure, subject to due process, in the absence of formal rules. However, contrary to the trial court's reasoning in its Rule 1925(a) opinion, the trial court may not opt to deny Mother a hearing, *de novo,* as specifically included in the parenting coordinator order here, since such an option by the trial court results in a denial of Mother's due process rights.

2. Mother requests this Court to consider the trial court's comments that the court did not want to see this case back again, and would deny any future petition for review of the parenting coordinator's decisions without reviewing them. Mother's Brief at 12. In accordance with Mother's request, we caution that such commentary indicates an intention by the trial court to violate Mother's due process rights in the future. We note that any trial court that fails to apply the requirements of our decision in *Yates,* which affords litigants involved with a parent coordinator order due process protections, faces reversal by this Court. Further, we observe that Canon 3(A) and (C) of the Pennsylvania Code of Judicial Conduct provides, in pertinent part, as follows:

> **Judges should perform the duties of their office impartially and diligently.**
> The official duties of judges take precedence over all their other activities. Their judicial duties include all the duties of their office prescribed by law. In performance of these duties, the following standards apply:

Thus, for the above-stated reasons, we reverse the trial court's April 26, 2012 order relating to judicial review of the parenting coordinator's decision, and direct the trial court that Mother is entitled to *de novo* review in the nature of a hearing. Upon remand, the trial court is directed to enter an order in which it: 1) specifies that *de novo* review is required; and 2) outlines the parenting coordinator's decision in a manner consistent with our discussion in *Yates;* 3) schedules a *de novo* hearing on the record before the trial court to occur within the next thirty days following this Opinion.[2]

Order reversed. Case remanded for further proceedings consistent with this Opinion. Jurisdiction relinquished.

**A. Adjudicative Responsibilities.**
(1) Judges should be faithful to the law and maintain professional competence in it. They should be unswayed by partisan interests, public clamor, or fear of criticism.
. . . .
**C. Disqualification**
(1) Judges should disqualify themselves in a proceeding in which their impartiality might reasonably be questioned, including but not limited to instances where:
(a) they have a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]
While recognizing that the canons do not have the force of substantive law, we invoke them here as the Code sets forth a norm of conduct and "is intended to impose standards of conduct upon the judiciary to be referred to by the judge in his or her self assessment." *Commonwealth v. Druce,* 577 Pa. 581, 848 A.2d 104, 109 (2004).