J-A19013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| R.L.M., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| K.A.R., | |
| Appellant | No. 1664 WDA 2014 |

Appeal from the Order September 8, 2014
In the Court of Common Pleas of Allegheny County
Family Court at No(s): FD 04-004065-011

BEFORE:  BENDER, P.J.E., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED AUGUST 25, 2015**

K.A.R. (Father) appeals *pro se* from the September 8, 2014 order awarding Father and R.L.M. (Mother) shared legal custody of T.A.R. (born in April of 2004) (Child), and awarding Mother primary physical custody of Child and Father partial custody.  After review, we affirm.[1]

The trial court set forth a short summary of the factual and procedural history of this case in its Pa.R.A.P. 1925(a) opinion, stating:

> The parties are the biological parents of one child…. Mother and Father were married on March 1, 2004 and divorced on May 8, 2007.  As the marriage between the parties was short, they have been acting as co-parents for the majority of the child's life.  A Custody Consent Order was reached on March 7, 2007 in which Mother and Father shared physical custody of the child on a week on-week off basis and exercised shared legal custody.  At the time of trial Mother had filed a Complaint in

---

[1] Mother has not filed a brief in this matter.

Custody seeking primary custody of the child. Father had filed a Modification of Custody Order requesting the status quo. Although Mother and Father both reside in Allegheny County, the distance between their respective residences required the [c]ourt to treat Mother's custody complaint as a request for relocation. Father's objection to the relocation was noted. A one (1) day trial took place on August 22, 2014 and both parties proceeded pro se.

The [c]ourt issued a Parenting Plan and an Order dated September 8, 2014[,] awarding Mother primary physical custody of the child and Father partial custody, consisting of every other weekend. The [c]ourt further ordered that the parties share legal custody. The [c]ourt provided a detailed Memorandum setting forth its reasoning through the analysis of the sixteen (16) primary custody factors as required in Title 23 [Pa.C.S.] §5328 and the ten (10) relocation factors pursuant to Title 23 [Pa.C.S.] §5337(h). [**See** Trial Court's Memorandum and Order, 9/8/14.] Father filed a Notice of Appeal on October 9, 2014, however it did not contain a concise statements of errors complained of on appeal as required by Pa.R.A.P. [] 905(2). The [c]ourt subsequently issued an Order of Court pursuant to Pa.R.A.P. [] 1925(b) on October 21, 2014[,] instructing Father to file a concise statement of errors complained of on appeal. Father failed to file a concise statement and thus failed to file a timely appeal. A Rule to Show Cause was issued by Superior Court, and absent a hearing, Father was granted by Order dated December 23, 2014, the right to file a concise statement and therefore proceed with this appeal.

Trial Court Opinion (TCO), 1/21/15, at 2-3. Following this Court's issuance of the rule to show cause order on December 11, 2014, Father filed a response on December 19, 2014. On December 23, 2014, this Court discharged the rule to show cause order and allowed the appeal to proceed.

In Father's concise statement of errors complained of on appeal, he sets forth the following three issues for our review, which we reproduce verbatim:

1. Court assessment and conclusions don't reflect testimony and history of custody proceedings.

2. Biased and inaccurate assessment and characterization of [F]ather.

3. Father's political activism, social activism, religion, [and] age are presented as key determining factors.

Father's Concise Statement of Errors Complained of on Appeal, 12/19/14.

The trial court responded to Father's statement of errors, stating as follows:

> In his appeal, Father complains of three (3) errors. In his first allegation, Father states that the Court's Order does not accurately reflect the testimony and history of the custody proceedings. The history of the proceedings of this case are documented through the filings made with the Prothonotary of the Civil Division, and to that end, the Court relies on them as an accurate representation of this case's history. As to the remaining statements of error, these are all based on the Court's credibility determinations. Father specifically argues that the Court did not fairly assess his character and accurately assess the testimony at trial. Lastly, Father complains that the Court utilized Father's political and social views, as well as his age and religion, as key factors in awarding custody.
>
> . . . .
>
> All the attributes of Father's character that he lists in his statement of errors are certainly proper considerations in making a best interest analysis. However, Father alleges that the Court was biased by these attributes and unfairly judged his character and ability to parent. The Court vehemently denies Father's assertions. These attributes were presented at trial and their importance was argued to the Court, such that the Court would be remiss to have not considered them. The importance of Father's political, social and religious views were not disregarded or treated adversely by the Court. Quite to the contrary, Father's religion and respective holidays were accommodated in the Parenting Plan to allow the child to observe these with Father. Additionally, the Court noted in its Order that Father has much to offer his child with regard to his political and social

- 3 -

views and, when age appropriate, is encouraged to educate and involve his daughter in related activities.

The Court lastly addresses Father's allegation that he was prejudiced by his age. The age of all the parties in a custody case, including the child, is relevant information and plays a role in the thoughtful consideration of the needs of the child and the ability of the individual parents. There was considerable testimony that Father lives a sedentary life. This was admitted by Father and was testified to by Father's current wife and the child in this case. The child testified that she is active, would like to have more of Father's attention, and desires more experiences outside of his home, but that is not how Father chooses to spend his custodial time. The Court was not biased or prejudiced by Father's age and interests, but they do play an undeniable role in his ability to relate to and accommodate the needs of an active and social ten (10) year old girl.

TCO, at 3-4 (footnote omitted).

With regard to custody matters, our scope and standard of review are as follows:

[O]ur scope is of the broadest type and our standard is abuse of discretion. This Court must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, this Court must defer to the trial judge who presided over the proceedings and thus viewed the witnesses first hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*E.D. v. M.P.*, 33 A.3d 73, 76 (Pa. Super. 2011) (quoting *A.D. v. M.A.B.*, 989 A.2d 32, 35-36 (Pa. Super. 2010)). Furthermore, we note that:

> [t]he discretion that a trial court employs in custody matters should be accorded the utmost respect, given the special nature of the proceeding and the lasting impact the result will have on the lives of the parties concerned. Indeed, the knowledge gained by a trial court in observing witnesses in a custody proceeding cannot adequately be imparted to an appellate court by a printed record.
>
> *Ketterer v. Seifert*, 902 A.2d 533, 540 (Pa. Super. 2006) (quoting *Jackson v. Beck*, 858 A.2d 1250, 1254 (Pa. Super. 2004)).

*A.H. v. C.M.*, 58 A.3d 823, 825 (Pa. Super. 2012).

The primary concern in any custody case is the best interests of the child. The best-interests standard, decided on a case-by-case basis, considers all factors that legitimately have an effect upon the child's physical, intellectual, moral, and spiritual well-being. *Saintz v. Rinker*, 902 A.2d 509, 512 (Pa. Super. 2006) (citing *Arnold v. Arnold*, 847 A.2d 674, 677 (Pa. Super. 2004)). Furthermore, we recognize that the recently enacted Child Custody Act (Act), 23 Pa.C.S. §§ 5321-5340, governs all proceedings commenced after January 24, 2011. The specific factors that a court must consider are listed at 23 Pa.C.S. § 5328(a)(1) – (16). *See E.D.*, 33 A.3d at 79-80 (holding that "best interests of the child" analysis requires consideration of all section 5328(a) factors). Additionally, 23 Pa.C.S. § 5337(h) provides a list of ten factors that a court must consider when a case involves a relocation.

Here, in its September 8, 2014 memorandum and order, the court provided a review of all the factors listed in sections 5328(a) and 5337(h) of

- 5 -

the Act as they relate to the specific facts articulated by the witnesses, including Father and Mother, and the conclusions the court reached in light of those findings of fact. Also, in its Rule 1925(a) opinion, dated January 21, 2015, the court responded to errors complained of by Father in his concise statement. *See supra*. However, from our review of Father's brief, it appears that Father is requesting that this Court re-find and/or re-weigh the evidence. As stated above, our standard of review requires that we "accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations." *C.R.F., III v. S.E.F.*, 45 A.3d 441, 443 (Pa. Super. 2012). Simply stated, our review of the record reveals that the court's findings are supported by the record. Thus, we conclude that Father's issues are without merit.[2]

_____

[2] We are also compelled to note that Father's brief does not comply with the Pennsylvania Rules of Appellate Procedure. A *pro se* litigant must comply with these rules. *Jones v. Rudenstein*, 585 A.2d 520 (Pa. Super. 1991). Father's *pro* se status does not entitle him to any particular advantage because of his lack of legal training. *First Union Mortg. Corp. v. Frempong*, 744 A.2d 327, 333 (Pa. Super. 1999). In fact, this Court may quash or dismiss an appeal if an appellant fails to conform to the requirements set out in the appellate rules. *See Laird v. Ely & Bernard*, 528 A. 1379 (Pa. Super. 1987); *see also* Pa.R.A.P. 2101 ("Briefs … shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise … the appeal … may be quashed or dismissed."). Rather than quashing or dismissing Father's appeal in this case, we have reviewed the issues he raised, concluding they are without merit.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/25/2015</u>