J-A28016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| C.J., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| R.A.L., | |
| Appellant | No. 1209 EDA 2015 |

Appeal from the Order Entered April 2, 2015
in the Court of Common Pleas of Chester County
Civil Division, at No(s): 2013-07228-cu

BEFORE:  GANTMAN, P.J., PANELLA, J., and SHOGAN, J.

MEMORANDUM BY PANELLA, J.                    **FILED DECEMBER 29, 2015**

R.A.L. ("Father") appeals from the order entered on April 2, 2015, in the Court of Common Pleas of Chester County, which denied Father's petition for shared legal and physical custody of the parties' minor, male child, A.L., born in April 2011 ("Child"); directed that C.J. ("Mother") retain primary physical custody; and reduced Father's partial custody to every other weekend. We affirm the portion of the order providing for Mother continuing to have primary physical custody and Father continuing to have partial physical custody. However, we vacate the order to the extent that it reduced Father's partial physical custody of Child and remand the case to the court with instructions to enter an order providing Father additional partial custody of Child.

Father and Mother married in April 2012. Both are thirty-six years old. Father holds a Bachelor of Science degree in Business Administration and works as a pharmaceutical wholesaler. Mother holds a Bachelor of Science Degree and works as an occupational therapist.

On July 25, 2013, Mother filed a complaint in divorce and petition for custody of Child. Under a custody order dated December 17, 2013, pursuant to an agreement between the parties, Mother and Father shared legal custody of Child, with Mother having primary physical custody and Father having partial physical custody. The custody schedule provided Father with five overnights with Child during every two-week period.

On July 29, 2014, Father's child support obligation for Child was increased to $703.00 a month. On August 11, 2014, Father filed a petition to modify custody. Father argued that it would be in Child's best interest for him to have primary physical custody of Child and for Mother to have partial physical custody of Child.

On March 29, 2015, the trial court held a custody trial. At the trial, Father clarified his position, stating that the modification that he sought was shared physical custody with each party to have custody of Child seven nights out of every fourteen nights on a 2/2/3/2/2/3 schedule. By the order entered on April 2, 2015, the trial court denied Father's petition for shared physical custody, directed that Mother retain primary physical custody, and reduced and changed Father's partial physical custody of Child to every other weekend.

Father filed a timely appeal. He raises the following issue for review.

1. Whether the trial court abused its discretion when it modified the parties' long-standing child custody arrangement where (1) the record does not reflect that it was in the child's best interests to do so, and (2) where the court failed to provide adequate reasons for its Decision or an adequate assessment of the factors listed in the Domestic Relations Code at 23 Pa.C.S. § 5328(a) as they relate to the modification in the present case[?]

Father's Brief, at 17.

Our scope and standard of review of an appeal from a custody order is as follows.

In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*V.B. v. J.E.B.*, 55 A.3d 1193, 1197 (Pa. Super. 2012) (citations omitted).

[T]he discretion that a trial court employs in custody matters should be accorded the utmost respect, given the special nature of the proceeding and the lasting impact the result will have on the lives of the parties concerned. Indeed, the knowledge gained by a trial court in observing witnesses in a custody proceeding cannot adequately be imparted to an appellate court by a printed record.

*A.H. v. C.M.*, 58 A.3d 823, 825 (Pa. Super. 2012) (citation omitted).

The primary concern in any custody case is the best interests of the child. The best-interests standard, decided on a case-by-case basis, considers all factors that legitimately affect the child's physical, intellectual, moral, and spiritual well-being. **See Saintz v. Rinker**, 902 A.2d 509, 512 (Pa. Super. 2006).

The best interest factors set forth in Section 5328(a) of the Child Custody Act ("Act"), 23 Pa.C.S.A. §§ 5321-5340, provides as follows.

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S.A. § 5328(a).[1]

The trial court considered the factors set forth in Section 5328(a) of the Child Custody Act to determine the best interest of the Child. When considering the factors as a whole, the court determined that it was in Child's best interest for Mother to retain primary physical custody and Father to retain partial physical custody.

---

[1] The Act was amended, effective January 1, 2014, to include an additional factor at 23 Pa.C.S.A. § 5328(a)(2.1) (providing for consideration of child abuse and involvement with child protective services). *See A.V. v. S.T.*, 87 A.3d 818, 822 n.2 (Pa. Super. 2014). The trial court found that neither party has been involved in any child abuse investigation, or involved with protective services.

In applying the section 5328(a) factors, the trial court found in this case the following, which we set forth below.

(1) *Which party is more likely to encourage and permit frequent and continuing contact between Child and another party.*

Both parties encourage such contact. This factor favors neither party.

(2) *Abuse committed by a party or a member of a party's household*.

No evidence of abuse by either party was offered at the hearing held in this matter.

…

*(3) The parental duties performed by each party on behalf of Child.*

Prior to the parties' separation, Mother performed the majority of parental duties. Now, both capably perform all necessary parental duties on [Child's] behalf.

(4) *The need for stability and continuity in the child's education, family life, and community life.*

Mother, who has had primary physical custody of [Child] since the parties' separation, and who performed the majority of parental duties prior to the parties' separation, has consistently provided to [Child] a stable and loving home. Father, during his periods of partial physical custody has also provided [Child] with stability and consistency.

(5) *The availability of extended family*.

This factor favors Mother. Although her parents live in Duncansville, Pennsylvania, [Child's] maternal grandparents have always been actively involved in his life. Testimony revealed that they often come to Chester County to visit, and that they have celebrated all holidays and birthdays with [Child] since his birth. In addition,

-6-

Mother's brother, wife and five children are also involved in his life. N.T., 3/24/15, pp. 87-89.

Father was estranged from his parents for a period of time after [Child's] birth but they have since reconnected. N.T., 3/24/15, pp. 64. Father testified that [Child] now sees his grandparents every week at his swimming lesson at the YMCA. N.T., 3/24/15, pp. 16-17.

(6)     *The child's sibling relationships*.

[Child] presently has no siblings. Mother is pregnant with a daughter and expects to deliver in August, 2015.

(7)     *The well-reasoned preference of Child based on Child's maturity and judgment*.

[Child] is four, and his input into these proceedings was not sought.

(8)     *The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where the reasonable safety measures are necessary to protect the Child from harm*.

Neither party has attempted to turn [Child] against the other party.

(9)     *Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs*.

Mother has maintained such a relationship with [Child] since his birth. Father has also apparently maintained such a relationship with [Child] since the parties' separation. The parties agreed that both are committed to maintaining these relationships. However, we must note our observation that during Father's testimony, he showed surprisingly little emotion when speaking about his son. In fact, the lack of emotion was so striking that the [c]ourt found it necessary to mention it in the custody order.

(10) *Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.*

Both Mother and Father are capable of attending to all of [Child's] daily needs.

(11) *The proximity of the residences of the parties.*

The parties live approximately thirteen miles, or twenty minutes, apart.

(12) *Each party's availability to care for child or ability to make appropriate child-care arrangements.*

Both parties are available to care for [Child]. The child care arrangement currently in place, [Child's] daycare at … in … is working well.

(13) *The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's evidence to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.*

While Father testified that the level of conflict between the parties was "quite high," and Mother agreed there was tension between them, we do not find that this negatively affects their ability to cooperate with one another with regard to [Child's] well-being.

(14) *The history of drug or alcohol abuse of a party or a member of a party's household.*

There is no evidence of drug or alcohol abuse by either party in this matter.

(15) *The mental and physical condition of a party or member of a party's household.*

Both Mother and Father are healthy physically and mentally. This factor favors neither party.

(16) *Any other relevant factor.*

> Mother and [Child] now live with Mother's boyfriend…. Mr. … will himself soon be a father when Mother gives birth to their child in August. Mother testified that Mr. … and [Child] get along very well, and do many activities together. N.T., 3/24/15, at pp. 83-84.

Trial Court Opinion, 9/20/14, at 3-7.

After consideration of all of the relevant factors, the trial court concluded that it was in Child's best interest for Mother to retain primary physical custody and Father to retain partial physical custody, rather than the primary physical custody or the shared physical custody Father later requested.

Issues of credibility and weight to be given to the evidence are left to the discretion of the trial court "who viewed and assessed the witnesses first hand." After a review of the record and the evidence presented, we find that there is competent evidence in the record that supports the trial court's findings with regard to the section 5328(a) factors. **See A.V.,** 87 A.3d at 821-822. Thus, since the trial court's conclusions are not unreasonable with regard to the award of primary physical custody of Child to Mother, we affirm the portion of the trial court's order that awards Mother primary physical custody.

However, as to Mother's request to the trial court to modify the parties' custody schedule by awarding Mother more time and providing Father periods of partial custody of Child every other week instead of every week, we find the trial court's conclusions unreasonable. Child is currently

four years old and will be only starting kindergarten in August 2016. Therefore, Father should be provided additional physical custody of Child. Further, the issue should be re-examined closer to the start date of school in 2016.

Accordingly, we affirm the trial court's order in part. We vacate the trial court's order in part, and remand the case with instructions for the trial court to award Father additional partial physical custody time *immediately* and to direct that the issue of Father's partial physical custody should re-examined prior to the start of school in 2016.

Order affirmed in part and vacated in part. Case remanded to the trial court to award Father additional partial custody of Child consistent with the instructions in this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2015