J-A11025-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| WAYNE AND DENISE BAILEY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| R.N. AND C.I. | : | |
| v. | : | No. 1356 WDA 2022 |
| GINA KNEPPER AND BRENDA KNEPPER | : | |
| Appellants | : | |

Appeal from the Order Dated October 21, 2022
In the Court of Common Pleas of Bedford County Orphans' Court at
No(s): 364-2021

BEFORE: BENDER, P.J.E., STABILE, J., and PELLEGRINI, J.*

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: June 2, 2023**

L.W.N., born in March of 2017, and D.M.N., born in May of 2019, (collectively Children) are the subjects of this custody case. Brenda Knepper (Brenda), the maternal great-grandmother, and Gina Knepper (Gina), the maternal grandmother, (collectively Appellants) were the Intervenors below. Wayne and Denise Bailey (the Baileys), the paternal grandmother and step-grandfather, were the Plaintiffs below. C.I. (Mother) is the natural mother of the Children and R.N. (Father) is the natural father of the Children. Following our review, we affirm.

_____

* Retired Senior Judge assigned to the Superior Court.

Following a number of hearings, the trial court issued a Memorandum Opinion (TCMO), dated October 21, 2022, in which it set forth the factual background of this case and listed the petitions filed by the various parties. The trial court also included a discussion directed at all sixteen custody factors identified in 23 Pa.C.S. § 5328(a) and the relocation factors contained in 23 Pa.C.S. § 5337(h). The trial court further included an Order (TCO), dated October 21, 2022, detailing a custody schedule.

After the TCMO and the TCO were issued by the trial court, Appellants appealed to this Court and raised the following three issues for our review:

1. Did the trial court abuse its discretion and commit an error of law when it awarded primary physical custody to paternal grandparents despite the dangers posed by a household member, namely, Father, especially when 23 Pa.C.S.[] [§] 5328(a) requires the [c]ourt to give weighted consideration to the factors which affect the safety of the [C]hild[ren]?

2. Did the trial court abuse its discretion in its determination that Appellants should not share legal custody of the minor [C]hildren?

3. Did [the trial court] abuse its discretion by awarding paternal grandparents primary physical custody when the custody factors weighed heavily in favor of Appellants?

Appellants' brief at 4.

The trial court then issued a Pa.R.A.P. 1925 Opinion (1925 Opinion), dated December 20, 2022, that provided a summary of the case, a list of the issues raised by Appellants, a reference to the TCMO with regard to the first and third issues raised and a discussion supplementing its brief statement discussing the second issue in the TCMO. *See* 1925 Opinion, 12/20/22.

The relevant scope and standard of review in custody matters are as follows:

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*V.B. v. J.E.B.*, 55 A.3d 1193, 1197 (Pa. Super. 2012) (citations omitted).

Furthermore, we note that:

> The discretion that a trial court employs in custody matters should be accorded the utmost respect, given the special nature of the proceeding and the lasting impact the result will have on the lives of the parties concerned. Indeed, the knowledge gained by a trial court in observing witnesses in a custody proceeding cannot adequately be imparted to an appellate court by a printed record.
>
> *Ketterer v. Seifert*, 902 A.2d 533, 540 (Pa. Super. 2006) (quoting *Jackson v. Beck*, 858 A.2d 1250, 1254 (Pa. Super. 2004)).

*A.H. v. C.M.*, 58 A.3d 823, 825 (Pa. Super. 2012). Moreover, "[w]hen a trial court orders a form of custody, the best interest of the child is paramount."

*S.W.D. v. S.A.R.*, 96 A.3d 396, 400 (Pa. Super. 2014) (citation omitted).

Appellants' arguments are essentially requesting that this Court re-find facts and re-weigh the evidence presented. However, our standard of review

does not permit us to function in this manner. Rather, our standard of review requires that we "accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations." *V.B.*, 55 A.3d at 97. Moreover, we "may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court." *Id.* We do not conclude that that is the situation here. The trial court's findings are based on competent evidence contained in the record and its conclusions are not unreasonable.

We have reviewed the certified record, the parties' briefs, the applicable law, and the thorough, well-reasoned TCMO, dated October 21, 2022, and the 1925 Opinion, dated December 20, 2022, both that were authored by the Honorable Brandi J. Hershey of the Court of Common Pleas of Bedford County. We conclude that Judge Hershey's opinions properly dispose of the issues presented by Appellants in this appeal. Accordingly, we adopt both of the trial court's opinions as our own and affirm the custody order on that basis.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/2/2023